UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MICHAEL BURNHAM, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

T-MOBILE USA, INC.

Defendant.

Case No.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

## I. INTRODUCTION

1. Like many other companies across the United States, T-Mobile's timekeeping and payroll systems were affected by the hack of Kronos in 2021.

2. That hack led to problems in timekeeping and payroll throughout T-Mobile's organization.

3. As a result, T-Mobile's workers who were not exempt from overtime under federal and state law were not paid for all hours worked and/or were not timely paid their proper overtime premium for all overtime hours worked after the onset of the Kronos hack.

4. Cassidy Burnham is one such T-Mobile worker.

5. T-Mobile could have easily implemented a system to accurately record time and properly pay non-exempt hourly and salaried employees until issues related to the hack were resolved.

6. But, upon information and belief, it did not.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

7. T-Mobile pushed the cost of the Kronos hack onto the most economically vulnerable people in its workforce.

8. T-Mobile made the economic burden of the Kronos hack fall on front-line workers—average Americans—who rely on the full and timely payment of their wages to make ends meet.

9. T-Mobile's failure to timely pay wages, including proper overtime, for all hours worked violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

10. Upon information and belief, after significant delays, T-Mobile made payments of some previously unpaid wages. However, at least a portion of wages earned remain unpaid.

11. T-Mobile's failure to pay wages, including proper overtime, for all hours worked to its workers in Washington also violates the Washington Minimum Wage Act (WMWA), RCW ch. 49.46, and its implementing regulations.

12. Burnham brings this lawsuit to recover these unpaid overtime wages and other damages owed by T-Mobile to him and T-Mobile's other non-overtime-exempt workers, who were the ultimate victims of not just the Kronos hack, but T-Mobile's decision to make its own non-exempt employees bear the economic burden for the hack.

13. This action seeks to recover the unpaid wages and other damages owed by T-Mobile to all these workers, as occasioned by the unpaid wages, along with exemplary damages, penalties, interest, and other remedies provided by federal and Washington law.

## II. JURISDICTION & VENUE

14. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

15. The Court has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because T-Mobile is headquartered in this District.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## III. PARTIES

17. **Plaintiff Michael Burnham** is a natural person.

18. Burnham was, at all relevant times, an employee of T-Mobile.

19. Burnham has worked for T-Mobile since at least December 2021.

20. Burnham worked for T-Mobile in Washington.

21. Burnham represents at least two groups of similarly situated T-Mobile workers.

22. Burnham represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former non-exempt employees of T-Mobile (including its subsidiaries and alter egos), who worked in the United States at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

23. Burnham represents a class of similarly situated workers under Washington law pursuant to Federal Rule of Civil Procedure 23. This "Washington Class" is defined as:

> **All current or former non-exempt employees of T-Mobile (including its subsidiaries and alter egos) who worked in Washington at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

24. Throughout this Complaint, the FLSA Collective members and Washington Class members are referred to jointly as the "Similarly Situated Workers."

25. **Defendant T-Mobile USA, Inc. ("T-Mobile")** is a domestic limited liability company.

26. T-Mobile is headquartered in this District.

27. T-Mobile may be served by service upon its registered agent, **Corporation Service Cmpany, 300 Deschutes Way SW, Ste. 208 MC-CSC1, Tumwater, WA 98501**, or by any other method allowed by law.

28. At all relevant times, T-Mobile has been doing business under the assumed name, "T-Mobile."



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

29. T-Mobile's subsidiaries and alter egos include, but are not limited to, "Metro by T-Mobile," also marketed as "MetroPCS."

30. At all relevant times, T-Mobile exerted operational control over its subsidiaries and alter egos.

31. At all relevant times, T-Mobile substantially controlled the terms and conditions of employment for workers of its subsidiaries and alter egos.

32. At all relevant times, T-Mobile had a common control and management of labor relations regarding employees of its subsidiaries and alter egos.

33. T-Mobile employed and/or jointly employed, with its subsidiaries and alter egos, Burnham and the Similarly Situated Workers.

34. T-Mobile and its subsidiaries and alter egos are joint employers for purposes of the FLSA.

35. T-Mobile and its subsidiaries and alter egos are joint employers for purposes of Washington law.

36. Throughout this Complaint, T-Mobile and its subsidiaries and alter egos are referred to jointly as "T-Mobile."

## IV. COVERAGE UNDER THE FLSA

37. At all relevant times, T-Mobile was an employer of Burnham within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

38. At all relevant times, T-Mobile was and is an employer of the FLSA Collective Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

39. T-Mobile was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

40. During at least the last three years, T-Mobile has had gross annual sales in excess of $500,000.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

41. T-Mobile was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

42. T-Mobile employs many workers, including Burnham, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

43. The goods and materials handled, sold, or otherwise worked on by Burnham and other T-Mobile employees and that have been moved in interstate commerce include, but are not limited to, telecommunications equipment.

## V. FACTS

44. T-Mobile provides wirelesss voice, messsaging, and data services.

45. Many of T-Mobile's employees are non-exempt hourly and salaried workers.

46. Since at least 2021, T-Mobile has used timekeeping software and hardware operated and maintained by Kronos.

47. On or about December 11, 2021, Kronos was hacked with ransomware.

48. The Kronos hack interfered with the ability of its customers, including T-Mobile, to use Kronos's software and hardware to track hours and pay employees.

49. For at least a portion of time following the Kronos hack, T-Mobile failed to keep accurate track of the hours that Burnham and Similarly Situated Workers have worked.

50. Instead, T-Mobile has used various methods to estimate the number of hours Burnham and Similarly Situated Workers work in each pay period.

51. For example, T-Mobile issued paychecks based on scheduled hours or estimated hours, or simply duplicated paychecks from pay periods prior to the Kronos hack.

52. As a result of T-Mobile's failure to accurately track the actual hours worked each week, employees who were non-exempt and worked overtime were in many cases paid less than the hours they worked in the workweek, including overtime hours.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

53. Many employees were not even paid for all their non-overtime wages for hours worked in certain workweeks.

54. Burnham is one of the thousands of employees affected by these pay and timekeeping practices.

55. Instead of paying Burnham for the hours he actually worked (including overtime hours), T-Mobile simply paid based on estimates of time or pay, or based upon arbitrary considerations **other than** Burnham's actual hours worked and regular pay rates, in multiple workweeks.

56. In properly calculating and paying overtime to a non-exempt employee, the only metrics that are needed are: (1) the number of hours worked in a day or week, and (2) the employee's regular rate, taking into account shift differentials, non-discretionary bonuses, and other factors allowed under the law.

57. T-Mobile knows it has to pay proper overtime premiums to non-exempt hourly and salaried employees.

58. T-Mobile knows this because, prior to the Kronos hack, it routinely paid these workers for all overtime hours at the proper overtime rates.

59. T-Mobile could have instituted any number of methods to accurately track and timely pay its employees for all hours worked.

60. Instead of accurately tracking hours and paying employees their overtime, T-Mobile decided to arbitrarily pay these employees, without regard to the overtime hours they worked or the regular rates at which they were supposed to be paid.

61. It was feasible for T-Mobile to have its employees and managers report accurate hours so they could be timely paid the full and correct amounts of money they were owed for the work they did for the company.

62. But it chose not to do that.

63. In other words, T-Mobile pushed the effects of the Kronos hack onto the backs of its most economically vulnerable workers, making sure that it kept the money it owed to those



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

employees in its own pockets, rather than take steps to make sure its employees were paid on time and in full for the work they did.

64. Burnham is just one of the many T-Mobile employees who had to shoulder the burden of this decision by T-Mobile.

65. Burnham was a non-exempt hourly employee of T-Mobile.

66. Burnham regularly worked over 40 hours per week for T-Mobile.

67. Burnham's normal, pre-Kronos hack hours are reflected in T-Mobile's records.

68. Since the Kronos hack, T-Mobile has not timely paid Burnham for his actual hours worked each week.

69. Since the hack took place, T-Mobile has not been accurately recording the hours worked by Burnham and its other workers.

70. T-Mobile was aware of the overtime requirements of the FLSA.

71. T-Mobile nonetheless failed to timely pay the full overtime premium owed to certain non-exempt hourly and salaried employees, such as Burnham.

72. T-Mobile's failure to pay overtime to these non-exempt workers was, and is, a willful violation of the FLSA.

73. The full overtime wages owed to Burnham and the Similarly Situated Workers became "unpaid" when the work for T-Mobile was done—that is, on Burnham and the Similarly Situated Workers' regular paydays. *E.g.*, *Martin v. United States*, 117 Fed. Cl. 611, 618 (2014); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993); *Cook v. United States*, 855 F.2d 848, 851 (Fed. Cir. 1988); *Olson v. Superior Pontiac–GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir.1985), *modified*, 776 F.2d 265 (11th Cir.1985); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944); *Birbalas v. Cuneo Printing Indus.*, 140 F.2d 826, 828 (7th Cir.1944).

74. At the time T-Mobile failed to pay Burnham and the Similarly Situated Workers in full for their overtime hours by their regular paydays, T-Mobile became liable for all prejudement interest, liquidated damages, penalties, and any other damages owed under the law.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

75. In other words, there is no distinction between late payment and nonpayment of wages under the law. *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993).

76. To the extent T-Mobile ultimately made any untimely payment of unpaid wages due and owing to Burnham or the Similarly Situated Workers, any alleged payment was not supervised by the Department of Labor or any court.

77. The untimely payment of overtime wages, in itself, does not resolve a claim for unpaid wages under the law. *See*, *e.g.*, *Seminiano v. Xyris Enterp., Inc.*, 602 Fed.Appx. 682, 683 (9th Cir. 2015); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

78. Nor does the untimely payment of wages, if any, compensate workers for the damages they incurred due to T-Mobile's acts and omissions resulting in the unpaid wages in the first place.

79. Burnham and the Similarly Situtated Workers remain uncompensated for the wages and other damages owed by T-Mobile under federal and Washington law, and are due liquidated damages, interest, and/or exemplary damage or penalties thereunder.

## VI. COLLECTIVE ACTION ALLEGATIONS

80. Burnham incorporates all other allegations.

81. Numerous individuals were victimized by T-Mobile's patterns, practices, and policies, which are in willful violation of the FLSA.

82. Based on his experiences and tenure with T-Mobile, Burnham is aware that T-Mobile's illegal practices were imposed on the FLSA Collective.

83. The FLSA Collective members were not timely paid their full overtime premiums for all overtime hours worked.

84. These employees are victims of T-Mobile's respective unlawful compensation practices and are similarly situated to Burnham in terms of the pay provisions and employment practices at issue in the collective in this lawsuit.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

85. The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

86. Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

87. T-Mobile's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

88. The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## VII. CLASS ACTION ALLEGATIONS

89. Burnham incorporates all other allegations.

90. The illegal practices T-Mobile imposed on Burnham were likewise imposed on the Washington Class members.

91. Numerous other individuals who worked for T-Mobile were were not properly compensated for all hours worked, as required by Washington law.

92. The Washington Class is so numerous that joinder of all members of the class is impracticable.

93. T-Mobile imposed uniform practices and policies on Burnham and the Washington Class members regardless of any individualized factors.

94. Based on his experience and tenure with T-Mobile, as well as coverage of the Kronos hack, Burnham is aware that T-Mobile's illegal practices were imposed on the Washington Class members.

95. Washington Class members were all not timely paid proper overtime when they worked in excess of 40 hours per week.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

96. T-Mobile's failure to pay wages and overtime compensation in accordance with Washington law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Washington Class members.

97. Burnham's experiences are therefore typical of the experiences of the Washington Class members.

98. Burnham has no interest contrary to, or in conflict with, the members of the Washington Class. Like each member of the proposed class, Burnham has an interest in obtaining the unpaid wages and other damages owed under the law.

99. A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

100. Absent this action, many Washington Class members likely will not obtain redress of their injuries and T-Mobile will reap the unjust benefits of violating Washington law.

101. Furthermore, even if some of the Washington Class members could afford individual litigation against T-Mobile, it would be unduly burdensome to the judicial system.

102. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

103. The questions of law and fact common to each of the Washington Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

a. Whether Burnham and the Washington Class members were paid all wages due to them each week;

b. Whether Burnham and the Washington Class members were paid overtime at 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek;

c. Whether T-Mobile's failure to pay all wages due, including overtime, at the rates required by law violated the WMWA;



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

d. Whether Burnham and the Washington Class members were paid all wages due to them under Washington law and/or contractual agreement;

e. Whether T-Mobile made or accepted false wage records regarding Burnham and the Washinton Class members; and

f. Whether T-Mobile's acts and omissions in violation of Washington law and its contracts with Burnham and the Washington Class members were wilfull.

104. Burnham's claims are typical of the Washington Class members. Burnham and the Washington Class members have all sustained damages arising out of T-Mobile's illegal and uniform employment policies.

105. Burnham knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

106. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

## VIII. FIRST CAUSE OF ACTION—OVERTIME VIOLATIONS OF THE FLSA AS TO BURNHAM AND THE FLSA COLLECTIVE

107. Burnham incorporates all other allegations.

108. By failing to pay Burnham and the FLSA Collective members overtime at 1.5 times their regular rates, when such payments were due, T-Mobile violated the FLSA. 29 U.S.C. § 207(a).

109. T-Mobile owes Burnham and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

110. Likewise, T-Mobile owes Burnham and the FLSA Collective members their agreed-upon rates of pay for all hours worked up to and including 40 each week in which they worked over 40 hours in the week, but were not paid in full for all hours.

111. T-Mobile knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

112. Because T-Mobile knew or showed reckless disregard for whether its pay practices violated the FLSA, T-Mobile owes these wages for at least the past three years.

113. T-Mobile's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

114. Due to the delay in paying wages due under the FLSA, T-Mobile owes Burnham and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

115. Accordingly, Burnham and the FLSA Collective members are entitled to full payment of their overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

## IX. SECOND CAUSE OF ACTION—VIOLATIONS OF THE WMWA AS TO BURNHAM AND THE WASHINGTON CLASS

116. Burnham incorporates all other allegations.

117. The conduct alleged in this Complaint violates the Washington Minimum Wage Act (WMWA), RCW ch. 49.46, and its implementing regulations.

118. At all relevant times, T-Mobile was and is an "employer" within the meaning of the WMWA. RCW 49.46.010(4).

119. At all relevant times, T-Mobile employed Burnham and all other Washington Class Members as "employees" within the meaning of the WMWA. RCW 49.46.010(3).

120. The WMWA requires an employer like T-Mobile to pay employees at a rate no less than the minimum wage for each hour worked. RCW 49.46.020(1).

121. As a result of T-Mobile' failure to pay Burnham and the Washington Class at a rate no less than the minimum wage for all hours worked, T-Mobile violated the WMWA.

122. The WMWA requires an employer like T-Mobile to pay overtime to all non-exempt employees. RCW 49.46.130(1).



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

123. Burnham and the other Washington Class members are non-exempt employees who are entitled to be paid overtime for all overtime hours worked at a rate of no less than 1.5 times their regular rate. RCW 49.46.130(1).

124. Within the applicable limitations period, T-Mobile had a policy and practice of failing to pay proper overtime to the Washington Class members for their hours worked in excess of 40 hours per week.

125. Because T-Mobile failed to pay Burnham and the Washington Class their earned wages and overtime compensation, Burnham and the Washington Class are entitled to recover exemplary damages twice the amount of the unlawfully withheld wages. RCW 49.52.070.

126. As a result of wilfully and intentionally paying employees less than they were entitled to under Washington law and its contractual obligations to Burnham and the Washington Class members, T-Mobile willfully violated the WMWA. RCW 49.52.050(2).

127. As a result of causing to be made and accepting wage records it knew was false, T-Mobile violated the WMWA. RCW 49.52.050(3), (5).

128. Burnham and the Washington Class members are entitled to recover their unpaid wages, exemplary damages, attorneys' fees, costs, and all other legal and equitable relief provided under the WMWA. RCW 49.52.070(3).

## X. RELIEF SOUGHT

129. Burnham prays for judgment against T-Mobile as follows:

A. For an order certifying a collective action for the FLSA claims;

B. For an order certifying a class action for the Washington law claims;

C. For an order finding T-Mobile liable for violations of federal wage laws with respect to Burnham and all FLSA Collective members covered by this case;

D. For an order finding T-Mobile liable for violations of Washington wage laws with respect to Burnham and all Washington Class members covered by this case;



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

E. For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Burnham and all FLSA Collective members covered by this case;

F. For a judgment awarding all unpaid wages, and exemplary damages under Washington wage laws to Burnham and all Washington Class members covered by this case;

G. For an equitable accounting and restitution of wages due to Burnham and all FLSA Collective and Washington Class members covered by this case;

H. For a judgment awarding attorneys' fees to Burnham and all FLSA Collective and Washington Class members covered by this case;

I. For a judgment awarding costs of this action to Burnham and all FLSA Collective and Washington Class members covered by this case;

J. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Burnham and all FLSA Collective and Washington Class members covered by this case; and

K. For all such other and further relief as may be necessary and appropriate.

RESPECTFULLY SUBMITTED AND DATED this 5th day of May, 2022.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Toby J. Marshall, WSBA #32726
Toby J. Marshall, WSBA #32726
Email: tmarshall@terrellmarshall.com

By: /s/ Erika L. Nusser, WSBA #40854
Erika L. Nusser, WSBA #40854
Email: enusser@terrellmarshall.com

936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Andrew R. Frisch, *pro hac vice forthcoming*
Email: afrisch@forthepeople.com
MORGAN & MORGAN, P.A.
8151 Peters Road, 4th Floor
Plantation, Florida 33324
Telephone: (954) 327-5355
Facsimile: (954) 327-3013

Matthew S. Parmet, *pro hac vice forthcoming*
Email: matt@parmet.law
PARMET PC
3 Riverway
Houston, Texas 77056
Telephone: (713) 999-5228
Facsimile: (713) 999-1187

*Attorneys for Plaintiff*